JS 44  (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Woodstream Corporation | Classic Brands, LLC |

(b)  County of Residence of First Listed Plaintiff   Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Denver
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c)  Attorneys *(Firm Name, Address, and Telephone Number)*

Theodore H. Jobes, Esquire, Fox Rothschild LLP, 2000 Market St., 20th Fl., Phila, PA 19103  (215) 299-2786

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1125 (a)

Brief description of cause:
Product design trade dress infringement and related claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   Injunction relief

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY   N/A/

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE   11/4/16

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Woodstream Corporatin      :      CIVIL ACTION

         v.          :

Classic Brands, LLC      :

                 :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.      (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.      (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)      (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X )

| | | |
|---|---|---|
| 11/4/16 | Theodore H. Jobes | Plaintiff Woodstream Corporation |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-299-2786 | 215-299-2150 | tjobes@foxrothschild.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: <u>Woodstream Corporation, 69 N. Locust Street, Lititz, PA 17563</u>

Address of Defendant: <u>Classic Brands, LLC 3600 S. Yosemite Street, Suite 1000, Denver, CO 80237</u>

Place of Accident, Incident or Transaction: <u>Nationwide including the Eastern District of Pennsylvania</u>

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒

*RELATED CASE, IF ANY*:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) <u>Product Design Trade Dress infringement</u>

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, <u>Theodore H. Jobes</u>, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: <u>11/4/16</u>          <u>Theodore H. Jobes</u>          <u>62165</u>
                                Attorney-at-Law                        Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: <u>11/4/16</u>          <u>Theodore H. Jobes</u>          <u>62165</u>
                                Attorney-at-Law                        Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WOODSTREAM CORPORATION
69 N. Locust Street
Lititz, PA  17543,

        Plaintiff,

   v.

CLASSIC BRANDS, LLC
3600 S. Yosemite St., Suite 1000
Denver, CO 80237,

        Defendant.

Case No.

**Jury Trial Demanded**

## COMPLAINT

Plaintiff Woodstream Corporation ("Woodstream"), by its undersigned counsel, for its complaint against Defendant Classic Brands, LLC ("Classic Brands"), states and alleges as follows:

## NATURE OF THE CASE

1.    This is an action under federal and state law arising from Defendant Classic Brands' willful and blatant infringement of Woodstream's distinctive "pinch waist" hummingbird feeder trade dress.  This type of feeder has been continuously sold nationwide under the Perky-Pet brand name before and after Woodstream acquired the brand in 2005.  Classic Brands was formed by a group of former Woodstream (and Perky-Pet) employees in 2010 and thereafter (at a time unknown to Woodstream) began producing hummingbird feeders that copy the well known Perky-Pet pinch waist design.  In this action, Woodstream seeks an accounting of Classic Brands' ill-gotten gains, disgorgement of its profits from the sale of the

infringing products, a permanent injunction against further copying of Woodstream's valuable intellectual property, and other relief.

## PARTIES

2.      Plaintiff Woodstream is a Pennsylvania corporation having its principal place of business at 69 North Locust St., Lititz, PA 17543.

3.      Defendant Classic Brands is a Colorado limited liability company having its principal place of business at 3600 S. Yosemite St., Suite 1000, Denver, CO 80237.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this controversy pursuant to 28 U.S.C. §§ 1331 (federal question); 1338 (any Act of Congress relating to patents or trademarks); 1367 (supplemental jurisdiction); and 15 U.S.C. § 1121 (an action arising under the Lanham Act).

5.      Personal jurisdiction exists over Classic Brands within this jurisdiction because Classic Brands has committed and continues to commit acts of infringement in violation of law and places the infringing product into the stream of commerce, with knowledge and understanding that such product are sold in Pennsylvania and this District. Classic Brands derives substantial revenue from the sale of infringing products within Pennsylvania and this District, expects its actions to have consequences therein, and derives substantial revenue from interstate and international commerce.

6.      Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) (2) because Classic Brands sells the product alleged to infringe Woodstream's trade dress to persons located in Pennsylvania and in this judicial District, and Woodstream suffered harm in this District by reason

of such infringement; and § 1391(c) because Classic Brands is subject to personal jurisdiction in this District.

## OPERATIVE FACTS

### The Perky-Pet Brand of Wild Bird Feeders

7.      Woodstream manufactures, promotes, offers for sale, distributes, ships and sells a full range of wild bird feeders, including hummingbird feeders, under its Perky-Pet® house brand and other brands such as Garden Song®. The Perky-Pet wild bird feeders are promoted, offered for sale, distributed, shipped and sold through its e-commerce website; mass merchandise retailers such as Wal-Mart, Target, Home Depot and Ace Hardware; and numerous specialty retailers.

8.      Since at least as early as 1987, Perky-Pet has continuously manufactured, promoted, offered for sale, distributed, and shipped a hummingbird feeder comprised of an elongated glass tube having a "pinched waist" shape.  Below is an early version of the Perky-Pet Pinch Waist Hummingbird Feeder, the picture of which appeared on the home page of the *perkypet.com* web site in late 1998:



9.      Although the configuration of the base and top/lid portions of the Perky-Pet Pinch Waist Hummingbird Feeder evolved over the ensuing years, the unique pinched waist design has remained constant.  Below is a picture of Perky-Pet Model No. 203CP, as it appeared both in the Perky-Pet 2002 catalog and in the Perky-Pet August 2005 catalog:



10.      The pinched waist design was incorporated in the Perky-Pet's Garden Song® (Model No. 211) hummingbird feeder, as featured in Perky-Pet August 2005 catalog.  Pictured below, this model continues to be sold by Perky-Pet today:



11.      Likewise, the Perky-Pet Model No. 210PB, which was sold through the online retailer, *amazon.com* as early as 2007, incorporates the same pinched waist design.  This product also continues to be sold by Perky-Pet today:



**Woodstream's "Pinch Waist" Trade Dress**

12.     The Perky-Pet Pinch Waist Hummingbird Feeders have a unique shape and appearance that is different than that of other hummingbird feeders preceding it:  the storage vessel for the liquid feed is an elongated tube having a "pinched waist" shape, *i.e.*, the sides of the vessel taper inwardly from the top down to a point about two-thirds of the vessel's height, at which point the sides of vessel flare outwardly.   The change in tapering from inwardly to outwardly creates the impression of a "waist" or mid-point (hereinafter sometimes the "Pinch Waist Trade Dress").  This shape is instantly recognizable and is an aesthetically pleasing design.

13.     The product design of the Perky-Pet Pinch Waist Hummingbird Feeders is distinctive and serves to identify Perky-Pet (Woodstream) as the source of the product.  The pinched waist shape of the storage vessel is completely ornamental; it has no functional purpose or utility. Indeed, Classic Brands has so admitted:  "The curved 'pinched waist' profile shape ... is a unique element separate and apart from the utilitarian bird food storage function of the vessel. ... A vessel that was purely functional would not feature this 'pinch waist' design because it has the effect of actually reducing the overall capacity of the vessel." (First Response, defined in ¶ 30, below)

14.     Perky-Pet's competitors including Classic Brands have and had a multitude of options from which to choose when designing a storage vessel for their own hummingbird feeders. Indeed, Classic Brands has publicly stated:  "There are numerous alternative designs available for

bird feeders and bird seed storage containers other than the 'pinched-waist' profile shape … Options range from straight up and down shapes, rounded shapes, and 'ballooning' shapes." (First Response)

15.     The Pinch Waist Trade Dress currently is incorporated in five (5) models of Perky-Pet Pinch Waist Hummingbird Feeders currently sold by Perky Pet:  No. 210PB (8 oz. clear glass vessel); No. 403CP (8 oz. red tinted plastic vessel); No. 211 (Garden Song® 8 oz. clear plastic vessel); No. 410P (16 oz. red tinted plastic vessel); and Model 203CPBN (Perky-Pet 8 oz. clear plastic vessel).

16.   Woodstream holds trade dress protection in the design, appearance and distinctive pinched waist design of the Perky Pet Pinch Waist Feeder.

**Woodstream Acquires the Perky-Pet Brand in 2005**

17.     Prior to August 2005, Perky-Pet was a subsidiary of Colibri Holding Corporation ("Colibri").  At that time, Woodstream acquired all of the stock of Colibri and its subsidiaries. Perky-Pet was a wholly owned subsidiary of Woodstream until its merger into Woodstream in March 2006.

18.     When Woodstream acquired ownership of Colibri and its subsidiaries, it acquired ownership of all of Perky-Pet's intellectual property rights, including the trade dress and other intellectual property embodied in the Perky-Pet Pinch Waist Hummingbird Feeder.

**Classic Brands is Formed in 2010 by Former Executives of Perky-Pet**

19.     Classic Brands is a designer, manufacturer and supplier of wild bird feeding products. The company sells its products under various brand names to home improvement,

6

hardware, pet and specialty retailers in the U.S. and elsewhere, in direct competition with Woodstream.

20.     Classic Brands was founded in 2010 by former executives of Perky-Pet.  Certain of these executives including Robert Donegan, Classic Brands' Chief Executive Officer and Perky-Pet's former President, and several of its key product designers, were employed by Perky-Pet both before and after its acquisition by Woodstream in August 2005.

21.     At all times material hereto, Classic Brands and its agents had knowledge of Perky-Pet's ownership and use of its Pinch Waist Trade Dress for a line of hummingbird feeders.  Ex-employees of Perky-Pet supervised and/or participated in the design, manufacture and sale of Classic Brands' Infringing Products (defined below).  These persons had first-hand knowledge of Perky-Pet's confidential know-how and trade secrets relating to the Perky-Pet Pinch Waist Hummingbird Feeders.

**Classic Brands' Infringing Products**

22.     Rather than innovate and develop its own uniquely-shaped hummingbird feeder, Classic Brands chose to copy the product design of the Perky-Pet Pinch Waist Hummingbird Feeders and to promote that design as its own.  Classic Brands did so in order to trade upon the goodwill that Perky-Pet developed and enjoyed long before Classic Brands began its infringing activity.

23.     Classic Brands has sold and continues to sell two models of hummingbird feeder that infringe the Pinch Waist Trade Dress (the "Infringing Products"):

A.     **"Garnet" Hummingbird Feeder (Model #36)**

.     The first Infringing Product is the "Garnet" Hummingbird Feeder (Model #36):

7